IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LARRY BEASLEY                                                                    PLAINTIFF

V.                                    CASE NO. 3:15-cv-00209-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                      DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Larry Beasley filed this appeal from a final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his claims for disability insurance

benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative

record and the arguments of the parties, the Court finds that substantial evidence supports the

Commissioner's decision.

## I.    PROCEDURAL HISTORY

Mr. Beasley protectively filed his applications for DIB and SSI on June 20, 2012. (R. at

49.) He alleged a disability onset date of February 6, 2012, due to complications from seizures,

depression, high blood pressure, hepatitis C, and migraine headaches. (R. at 216.) The Social

Security Administration denied Mr. Beasley's claims at the initial and reconsideration levels. (R.

at 49.) On October 16, 2013, an Administrative Law Judge ("ALJ") held a hearing on Mr.

Beasley's claims. (R. at 63.) On March 7, 2014, the ALJ issued an unfavorable decision, denying

his claims. (R. at 93.) On July 8, 2015, the Appeals Council denied Mr. Beasley's request for

review. (R. at 1.)

On July 24, 2015, Mr. Beasley filed a complaint against the Commissioner, appealing the

ALJ's denial of DIB and SSI. (Compl. 1, ECF No. 2.) On July 30, 2015, the district judge

reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both

parties have briefed the relevant issues in this case. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.)

## II.    ADMINISTRATIVE PROCEEDINGS

Mr. Beasley was fifty-two years old on the date of the administrative hearing and had completed the eighth grade. (R. at 67.) He had past relevant work as a farm laborer operating tractor and other farm equipment, glass installer, and tap operator. (R. at 84.) The ALJ applied the five-step sequential evaluation process to Mr. Beasley's claims.[2] (R. at 50.)  The ALJ found that Mr. Beasley satisfied the first step because he had not engaged in substantial gainful activity. (R. at 51.) At step two, the ALJ found that Mr. Beasley suffered from the severe medical impairments of an anxiety disorder, depression, hepatitis C, chronic obstructive pulmonary disease ("COPD"), and seizures. (R. at 52.) At step three, the ALJ found that Mr. Beasley did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 51.) Before proceeding to step four, the ALJ found that Mr. Beasley had a residual functional capacity ("RFC") to perform less than a full range of light work. Specifically, he found that Mr. Beasley:

> cannot climb ladders, ropes, or scaffolds; cannot be exposed to hazards; cannot reach overhead more than frequently with the right upper extremity; cannot work in jobs involving food service; cannot have concentrated exposure to fumes, odors, or gases; can only perform work where interpersonal contact is incidental to the work performed; is limited to work involving only 1 or 2 step[] tasks that are learned and performed by rote, with few variables and little judgment; the supervision required is simple, direct, and concrete; and can only perform SVP1-2 jobs capable of being learned in 30 days.

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

(R. at 53.) In making the RFC determination, the ALJ found that Mr. Beasley was not credible regarding the persistence and limiting effects of his impairments' symptoms. (R. at 55.) At step four, the ALJ found that Mr. Beasley was unable of performing any of his past relevant work. (R. at 57.) At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mr. Beasley can perform, such as an inspector and an assembly worker. (R. at 58.) Therefore, the ALJ found that Mr. Beasley was not disabled. (R. at 19.)

## III.    STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.    DISCUSSION**

Mr. Beasley argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br. 9, ECF No. 11.) Specifically, he alleges that substantial evidence does not support the ALJ's decision at step five. (*Id.* at 10.) He argues that the *Dictionary of Occupational Titles* ("DOT") defines the jobs of inspector and production assembler as requiring level-two reasoning, "which is the ability to understand, remember, and follow detailed work instructions." (*Id.* (emphasis omitted)). Level two reasoning, he argues, is inconsistent with Mr. Beasley's RFC, allowing him only to work jobs requiring one- or two-step reasoning. (*Id.*).  The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 4, ECF No. 12.)

At the administrative hearing, the ALJ asked the vocational expert ("VE") a hypothetical question that matched Mr. Beasley's RFC. (R. at 84-85.) He specifically included that the "complexity of one to two step tasks would be learned and performed by rote with few variables and little judgment. . . . SVP 1 or 2 jobs could be learned within 30 days." (R. at 85.) Based on that hypothetical, the VE testified that the hypothetical worker would be able to work as an inspector or an assembly worker. (R. at 85-86.) The VE further testified that her testimony was consistent with the DOT. (R. at 87.)

The ALJ must "ask about any possible conflict between VE evidence and information provided in the DOT." *Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014). Even if the VE testifies that her testimony is consistent with the DOT, the ALJ has the affirmative duty to "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the

explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than the DOT information." *Id.* at 989-990 (internal citations omitted).

Here, substantial evidence supports the ALJ's step five determination. The ALJ anticipated that level two reasoning could be required for Mr. Beasley to perform a job. He specifically stated in his RFC assessment that Mr. Beasley must be able to learn jobs that require level two reasoning within thirty days. (R. at 53.) This requirement was in the hypothetical question presented to the VE. (R. at 85.) The VE then stated that the inspector and assembly worker match that description. (R. at 85-86.) Mr. Beasley does not show any conflict between this testimony and his RFC. He also does not show how this testimony conflicts with the DOT. Therefore, substantial evidence supports the ALJ's decision.

## V.    CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is evidence in the record that contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the Commissioner. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE